UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


RICKS ET AL.                                CIVIL ACTION

VERSUS                                      NO: 07-4032

ASSURANT SPECIALTY PROPERTY                 SECTION: "R"(4)
INSURANCE CO. ET AL.


### ORDER AND REASONS

Before the Court is plaintiffs' unopposed motion to remand this case to state court.  Because the Court finds that the jurisdictional amount is not satisfied, the Court GRANTS the motion to remand.


### I.   BACKGROUND

Hurricane Katrina damaged plaintiffs' home in Harahan, Louisiana.  On July 13, 2007, plaintiffs sued their homeowner's insurance carriers, Assurant Specialty Property Insurance Company and American Security Insurance Company, in state court. Plaintiffs seek damages for property damage to their home,

defendants' breach of contract, and damages and penalties pursuant to La. Rev. Stat. Sections 22:1220 and 22:658.  On August 8, 2007, American Security removed the case to federal court on diversity grounds.

## II.  LEGAL STANDARDS

### A.  Removal

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a).  The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).  In assessing whether removal is appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  Though the Court must remand the case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. *See* 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

### B.  Jurisdictional Amount

Under Fifth Circuit law, if a plaintiff pleads damages less than the jurisdictional amount, this figure will generally control and bar removal. *See Allen*, 63 F.3d at 1335.  If a defendant can show by a preponderance of the evidence that the amount in controversy exceeds $75,000, then removal is proper. *See Simon v. Wal-Mart Stores*, *Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen*, 63 F.3d at 1335.  But if a plaintiff establishes with legal certainty that the claims are for less than $75,000, then she can defeat removal. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995).

**III. DISCUSSION**

Louisiana law prohibits plaintiffs from petitioning for a specific amount of damages, therefore plaintiffs' complaint does not contain an explicit monetary demand.  *See Manguno*, 276 F.3d at 723 (citing La. Code Civ. P. art. 893(A)(1)).  Plaintiffs only specify that their covered losses "exceed the tendered amounts of $16,300.37." (Pl.'s Mot. Remand, R. Doc. 6-2).  Plaintiffs have also attached to their motion to remand a stipulation that "the maximum damages sought for general damages, special damages, penalties and/or attorney fees, exclusive of interest and costs of court, is SEVENTY FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS." (Pl.'s Mot. Remand, R. Doc. 6-3).

Other than a conclusory statement in American Security's notice of removal, defendants have not provided the Court any evidence that the amount in controversy exceeds $75,000. (R. Doc. 1).  Based on the record, the Court finds that defendants have failed to carry their burden of showing by a preponderance of the evidence that the amount in controversy exceeds $75,000.  Hence, the Court lacks diversity jurisdiction.

**III. CONCLUSION**

For the foregoing reasons, the Court GRANTS plaintiffs' motion to remand.

New Orleans, Louisiana, this __11th__ day of October, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE